FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
DENNIS WYNN,

                                      Plaintiff,

      -against-

THE CITY OF NEW YORK, DETECTIVE BRIAN
DEPALO (Tax # 923752), DETECTIVE JAMES
WALSH (Tax # 935947) and POLICE OFFICERS
JOHN DOE 1-10,

                                     Defendants.
-----------------------------------------------------------------X

Index No:
Date Filed:

Plaintiff designates
KINGS COUNTY
as the place of trial

The basis of the venue is:
Place where the cause of
action arose

SUMMONS

The plaintiff resides at:
Kings County, New York

To the above named defendant(s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within twenty days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the complaint set forth below.

Dated: Brooklyn, New York
         March 13, 2017

                                    Yours, etc.

                                    LAW OFFICES OF WALE MOSAKU, P.C.

                                    BY: WALE MOSAKU
                                    Attorney for the Plaintiff
                                    25 Bond Street, 3rd Floor
                                    Brooklyn, New York 11201
                                    (718) 243-0994

THE CITY OF NEW YORK
C/O New York City Corporation Counsel
100 Church Street
New York, N.Y. 10007

Exhibit A - 001

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X Index No.
DENNIS WYNN,

                       Plaintiff,

      -against-                                  COMPLAINT

THE CITY OF NEW YORK, DETECTIVE BRIAN
DEPALO (Tax # 923752), DETECTIVE JAMES
WALSH (Tax # 935947) and POLICE OFFICERS
JOHN DOE 1-10,

                       Defendants.
----------------------------------------------------------------X

DENNIS WYNN (hereinafter "plaintiff"), by his attorney(s) THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW YORK, DETECTIVE BRIAN DEPALO (Shield # 1737), DETECTIVE JAMES WALSH (Shield # 1303) and POLICE OFFICERS JOHN DOE 1-10 (collectively referred to as "the defendants"), upon information and well founded belief, alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom; and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; and by Title 42 U.S.C. §§ 1982, 1983 and 1985; and arising under the laws and statutes of the City and/or State of New York.

## THE PARTIES

2. The plaintiff is a resident of the City of New York, who resides in Kings County, City and State of New York. Plaintiff is an African-American male of full age.

3. At all relevant times, defendants DETECTIVE BRIAN DEPALO (Shield # 1737), DETECTIVE JAMES WALSH (Shield # 1303) and POLICE OFFICERS JOHN DOE 1-10 of the New York City Police Department (hereinafter "defendant officers"), upon information and

belief, were and still are law enforcement officers in the employ of the police department of the City of New York (hereinafter "NYPD").

4. At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

5. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant officer, through its Police Department, namely NYPD, and the actions of the defendant officer complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

6. The plaintiff sues all defendants in their individual and official capacities.

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

7. All conditions precedent to filing of this action have been complied with; on November 3, 2016, within ninety days after the claim(s) alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff and/or his representative, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned Claim No. 2016PI031411.

8. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected or refused.

Exhibit A - 003

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the malicious prosecution claim is based.

## FACTUAL ALLEGATIONS

9. On or about April 29, 2015, at approximately 06:00 a.m., inside of the premises described as 585 Blake Avenue, #3F Brooklyn, N.Y. 11207 ("subject premises) the plaintiff was unlawfully and wrongfully arrested by the defendant officer(s).

10. That at the time of the incident, the plaintiff was visiting his girlfriend, namely Debra Snyder, at the subject premises. Ms. Snyder is the mother of the plaintiff's infant child, namely Dayvon Wynn.

11. That as the plaintiff was within the subject premises, the defendant officers forcefully entered into the subject premises by breaking down the front door.

12. Upon information and well-founded belief, the defendant officers had obtained a search and/or arrest warrant permitting them to enter into and search the subject premises.

13. Upon information and well-founded belief, the subject of the search and/or arrest warrant was Mark Snyder, the brother of Debra Snyder.

14. That upon entry into the subject premises, the defendant officers immediately placed each occupant of the subject premises in handcuffs, following which the plaintiff was searched. That nothing illegal was found upon the person of the plaintiff.

15. That the defendant officers then proceeded to search the subject premises. That the defendant officers claimed that they recovered illegal narcotics within the subject premises.

16. That the plaintiff was transported to a police precinct, where he was processed, or otherwise fingerprinted and photographed.

17. That the plaintiff was subsequently transported to "central booking" situated within the Kings County Criminal Courthouse located at 120 Schermerhorn Street, Brooklyn, New York 11201.

Exhibit A - 004

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

18. That the plaintiff was arraigned in front of a judge, and charged with the following offenses:
    a. Criminal Possession of a Controlled Substance in the 7th Degree [P.L. 220.03]; and
    b. Criminal Using Drug Paraphernalia in the 2nd Degree [P.L. 220.50(3)].

19. The criminal complaint was signed by defendant Detective Depalo, who alleged therein that defendant Detective Walsh had informed him, *inter alia*, that while executing a search warrant for the subject premises, he had observed the plaintiff within a room, and recovered illegal narcotics that were purportedly in plain view from the top of a dresser located within said room. Said allegations were completely untrue, and a total and utter fabrication.

20. Upon arraignment, bail was set in an amount that the plaintiff could not immediately afford to post, and as such he was remanded to the Rikers Island Correctional Facility, from which he was released at approximately 09:00 p.m. on May 1, 2015.

21. The criminal case against the plaintiff was dismissed on September 16, 2016.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

22. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 21 of this complaint as though fully set forth herein.

23. The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

24. As a result of plaintiff's above-described false arrest and detention, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

25. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

### CAUSE(S) OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

26. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.

28. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

29. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

30. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

31. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

32. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

33. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

34. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceedings.

Exhibit A - 006

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

35. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

36. That the defendant officers withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

37. That the defendant officers did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

38. The criminal judicial proceeding initiated against plaintiff were dismissed on September 16, 2016, and terminated in the plaintiff's favor.

39. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

40. The defendant officers' actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

41. As a consequence of the malicious prosecution by the defendant officers, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated.

42. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers and the City of New York, individually and severally.

43. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

44. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

Exhibit A - 007

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

## CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. The defendant officers fabricated evidence and/or created false evidence against the plaintiff.

47. The defendant officers forwarded fabricated and false evidence/false information to the prosecutors in the Kings County District Attorney's office.

48. The defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

49. The defendant officers misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

50. The defendant officers withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

51. The defendant officers did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

52. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, which directly resulted in the plaintiff being deprived of his liberty, the defendant officers violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

53. As a consequence of the defendant officers' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an

Exhibit A - 008

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

amount to be determined at trial, against each of the defendants, individually and severally.

54. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

55. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

56. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

58. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

59. As a consequence of each defendant officer's actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

60. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

61. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

WHEREFORE, plaintiff prays for judgment against the defendants, individually and severally, as follows: for compensatory damages against each defendant in an amount to be proven at trial; for exemplary and punitive damages against each defendant in an

Exhibit A - 009

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1
INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

amount to be proven at trial; for costs and expenses of suit herein, including plaintiff's reasonable attorney's fees; for pre-judgment and post-judgment interest; all in a sum of money that exceeds the jurisdiction of all lower Courts, and for such other and further relief as this court deems just and appropriate.

Dated:     Brooklyn, New York
           March 13, 2017

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____

Wale Mosaku
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

Exhibit A - 010

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X   Index #:
DENNIS WYNN,

                              Plaintiff,

    -against-

                                       ATTORNEY
                                       CERTIFICATION
                                       PURSUANT TO 22 NYCRR
                                       Part 130-1.1(c)

THE CITY OF NEW YORK, DETECTIVE BRIAN
DEPALO (Tax # 923752), DETECTIVE JAMES
WALSH (Tax # 935947) and POLICE OFFICERS
JOHN DOE 1-10,

                              Defendants.
-------------------------------------------------------------------X

The undersigned attorney does hereby certify:

That I am the attorney for the plaintiff and duly admitted to practice law before the Courts of the State of New York. I do hereby provide this signed certification pursuant to 22 NYCRR Part 130-1.1 (c), that the papers that I have served, filed or submitted to the Court in this action are not frivolous.

Dated:      Brooklyn, New York
              March 13, 2017

                                      LAW OFFICES OF WALE MOSAKU, P.C.

                                      BY: Wale Mosaku, Esq.
                                      Attorney(s) for Plaintiff
                                      25 Bond Street, 3rd Floor
                                      Brooklyn, New York 11201
                                      (718) 243-0994

Exhibit A - 011

FILED: KINGS COUNTY CLERK 03/13/2017 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 504973/2017
RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                          Index No.

DENNIS WYNN,

                                         Plaintiff(s),

-against-

THE CITY OF NEW YORK, DETECTIVE BRIAN
DEPALO (Tax # 923752), DETECTIVE JAMES
WALSH (Tax # 935947) and POLICE OFFICERS
JOHN DOE 1-10,

                                         Defendant(s).

**SUMMONS AND COMPLAINT**

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

To:                                      Service of a copy of the within
                                         is hereby admitted.

                                         Dated:................ 201_

Attorney(s) for Defendant(s)

Exhibit A - 012